**M. W. ZACK METAL COMPANY,**
Appellant,

v.

**INTERNATIONAL NAVIGATION CORPORATION, Appellee.**

No. 74–1544.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1974.

Decided Jan. 16, 1975.

As Modified on Denial of Rehearing
March 10, 1975.

Anthony B. Cataldo, New York City (Jett, Berkley, Furr & Heilig, Norfolk, Va., on brief), for appellant.

John W. Winston, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and THOMSEN, Senior District Judge.

THOMSEN, Senior District Judge.

M. W. Zack Metal Company (Zack) appeals from an order of the district court dismissing an action filed therein by Zack against International Navigation Corporation, a Liberian corporation (International). Zack had designated its action as an admiralty and maritime claim within the meaning of Rule 9(h), F.R. Civ.P., and caused the vessel Virtus, owned by International, to be attached.

International chartered its vessel Severn River to Contam Linie Hansen (the charterer), a German partnership, for a voyage in 1960 from Antwerp, Belgium, to New York. The charterer solicited cargo to be transported on board the Severn River and issued its bills of lading for such cargo signed by the vessel's master. Zack shipped with the charterer 93 coils of hot-rolled steel, for which a clean bill of lading was issued, but which were found to be damaged when they were discharged in New York.

In 1961 Zack instituted a suit in a court in Hamburg, Germany, where the charterer resided, against the charterer, the individual partners of the charterer, and International. In 1966 that court found the charterer and its partners liable for the damage to Zack's steel and entered a money judgment for the full amount of the damage in favor of Zack against the charterer and its partners. Zack's claim against International was postponed for later decision.

In 1971 the German court rendered a further decision holding, according to the agreed translation, that "personal liability of the ship's owner does not exist", but that the "claims because of cargo damages are secured through a ship's creditor's right, even if—as in the present case—the carrier is not at the same time the ship's owner". The court entered a judgment that International "is convicted to submit to execution being levies on the S. S. Severn River" of US $64,018.83, plus interest and part of Zack's expenses. The affidavits of German lawyers submitted by Zack and International respectively, as well as the agreed translation of the judgment itself, show that the judgment was essentially a judgment in rem against the Severn River. All of the parties, including Zack, appealed to a higher German court, which under the German practice may take additional testimony and review both the facts and the law.

In early 1972 Zack learned that another vessel owned by International, the Virtus, was to arrive at Norfolk. Although the appellate proceedings in Germany were and are still pending, Zack commenced the present suit against International in the Eastern District of Virginia, and caused an attachment to be issued against the Virtus. International appeared specially and moved to quash the attachment and dismiss the suit. The Virtus was released after International agreed to post security. After two hearings, the district court dismissed the suit, with a full opinion.

Zack has declared on the German judgment, which furnishes no basis for an in personam claim against the owner or for the attachment of the Virtus.

■■ The judgment of the trial court in Hamburg is under review on appeal. It may be that the appellate court will impose some other liability upon the owner, but it is plain that the trial court limited the owner's liability to its inter-

est in the Severn River. Essentially and substantively, it is an in rem judgment against the Severn River, imposing no in personam liability upon its owner, and furnishing no basis for the assertion of an in personam liability of the owner or the attachment of any other vessel owned by International. The attachment, of course, may not be based upon the speculative possibility that the reviewing court in Germany may give Zack greater rights against the owner than the trial court did.

The German judgment did not justify the suit in the Eastern District of Virginia or the attachment of the Virtus. The decision of the district judge dismissing that suit will be affirmed.

We have treated the cause of action as being founded solely on the German judgment. Nothing we have done or said should be construed as intimating any opinion upon any cause of action Zack may have against any person, firm or corporation, including International, under the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq.

Affirmed.